UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 6084

------------------------------------------------------------------X

SARA BERGER,

                Plaintiff,

    -against-

NEW YORK CITY POLICE DEPARTMENT, THE
CITY OF NEW YORK AND WAYNE SCIBELLI,

                Defendants.

Docket No.:

COMPLAINT

JURY TRIAL DEMANDED

------------------------------------------------------------------X

        Plaintiff Sara Berger ("Berger" or "plaintiff"), by her attorneys, Ballon Stoll Bader & Nadler, P.C., complaining of defendants, New York City Police Department ("NYPD"), the City of New York ("NYC") and Wayne Scibelli ("Scibelli") (collectively "defendants"), alleges upon information and belief:

    1.    This action is brought to remedy defendants' intentional creation of a hostile work environment, unlawful discrimination, unlawful harassment and unlawful denial of a reasonable accommodation, based on plaintiff's disability, in violation of the Americans with Disability Act of 1990 (ADA), 42 U.S.C. § 12122 *et seq.*; in violation of the statutory and regulatory provisions of Title I of the ADA, 42 U.S.C. § 12111, *et seq.*, which incorporates through 42 U.S.C. § 12117 the powers, remedies and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5; the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*; and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*

## JURISDICTION AND PARTIES

    2.    This Court has jurisdiction of this action under 42 U.SC. § 2000e-5(f), 28 U.S.C.

§§ 1331 and 1345. This Court has jurisdiction to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

3. Plaintiff, Sara Berger, is an individual with a disability within the meaning of 42 U.S.C. § 12102. Berger suffers from acid reflux which substantially limits her life activities.

4. Plaintiff is an "employee" within the meaning of Executive law § 292(6), and a "person" within the meaning of the ADA 42 U.S.C. § 12111(7); Executive Law §292(1); and the Administrative Code §8-102(1).

5. Upon information and belief, defendant NYPD is a municipal corporation, doing business at One Police Plaza, New York, New York 10038.

6. Upon information and belief, defendant NYPD includes agencies and/or departments of the City of New York.

7. Defendant NYPD is an "employer" within the meaning of the ADA; Executive Law §292(5); and within the meaning of New York City Administrative Code §8-102(5).

8. At all relevant times herein, plaintiff was employed by defendant NYPD.

9. NYC is a person within the meaning of 42 U.S.C. §12111(7) and 42 U.S.C. § 2000e(a).

10. NYC is an employer within the meaning of 42 U.S.C. §§ 12111(5) and 20002(b), and a covered entity within the meaning of 42 U.S.C. § 12111(2).

11. Upon information and belief, at all relevant times herein, defendant Scibelli, was an NYPD Director, and plaintiff's supervisor, and was a decision maker as to plaintiff's employment at NYPD.

12. This Court has original subject matter jurisdiction over the instant action pursuant

to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

13. This Court has supplemental jurisdiction over plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a). The New York State and New York City discrimination claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and New York City law claims form part of the same case or controversy.

## PROCEDURAL BACKGROUND

14. Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, New York District Office ("EEOC"), on July 31, 2012 (EEOC Charge No. 520-2012-02541) (the "Charge") in which she alleged, *inter alia*, that defendants discriminated against her on the basis of disability in violation of the Americans with Disability Act of 1990 (ADA), 42 U.S.C. § 12122 *et seq.* A true copy of the Charge is annexed hereto as **Exhibit 1.**

15. On May 23, 2013, the EEOC issued plaintiff the right to institute a civil action under Title I of the ADA against the NYPD (the "Right to Sue Notice"), to be filed in the appropriate Court within 90 days of plaintiff's receipt of the Right to Sue Notice. A true copy of the Right to Sue Notice is annexed hereto as **Exhibit 2.**

16. The Right to Sue Notice, which was dated May 23, 2013, was mailed on May 28, 2013 and received by plaintiff's counsel on May 30, 2013.

17. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Americans with Disability Act of 1990 (ADA), 42 U.S.C. § 12122 *et seq.*, in that:

  a. On July 31, 2012, a timely Charge of discrimination was filed;

  b. Plaintiff received the EEOC Right to Sue Notice on May 30, 2013;

  c. The instant action is timely because it is initiated within ninety (90) days of plaintiff's receipt of the aforementioned Right to Sue Notice;

  d. Plaintiff has exhausted her federal administrative remedies as concern the allegations of this Complaint.

## VENUE

18. This Court has jurisdiction over plaintiff's federal law claims pursuant to 42 U.S.C. §§2000-e *et seq.* and 42 U.S.C. § 12122 *et seq.* in that the unlawful employment practices were committed in New York County, Southern District of New York.

19. All of the conduct complained of occurred within the boundaries of New York City, New York County and affected plaintiff in New York City, New York County.

20. Additionally, the place where plaintiff was employed by the NYPD when she was subjected to disparate treatment was at the time, and still is, located in New York County, Southern District of New York.

21. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2).

## FACTS

22. Plaintiff resides at 1350 Ocean Parkway, Brooklyn, NY 11230.

23. Plaintiff commenced her employment with the NYPD as a civilian employee on or about September 18, 1989.

24. Plaintiff's job title is a Computer Specialist Level III.

25. Plaintiff suffers from acid reflux, a recognized disease caused by a stomach abnormality and constituting a disability.

26. At all times relevant hereto, plaintiff's disability was known to defendants.

27. In early November 2011, plaintiff requested a reasonable accommodation for her

medical disability.

28. Specifically, plaintiff requested that her work area be relocated to an office on the floor below, which is part of the same department that she currently works in, and where she previously worked.

29. Plaintiff reiterated her request for a reasonable accommodation several times, to no avail.

30. Plaintiff also submitted a doctor's note to defendant Scibelli explaining that the excessive dust in her current office location triggers her acid reflux, which causes plaintiff to consequently take medication.

31. With such a reasonable accommodation, plaintiff would be able to perform her job duties and responsibilities.

32. On or about February 9, 2012, the NYPD's Office of Equal Employment Opportuniy ("EEO") suggested the purchase of a "spot" air purifier to be installed at plaintiff's current work location.

33. However, the manufacturer's specifications of the proposed air purifier revealed a limited filtration capacity that simply would not eliminate the dust triggering her acid reflux.

34. The requested air purifier was never purchased.

35. Plaintiff conveyed this information to the NYPD's EEO, who disregarded it, and ultimately denied plaintiff's reasonable request to relocate.

36. Defendants refused to have a genuine interactive dialogue with plaintiff regarding her request for a reasonable accommodation.

37. On February 9, 2012, the NYPD again denied plaintiff her reasonable request to relocate to an office on the lower floor.

38. On March 9, 2012 in the afternoon, Scibelli, Director of the Division that includes plaintiff's unit, handed plaintiff a letter from the NYPD's EEO directing plaintiff to report to the Medical Division on March 13, 2012, for a medical examination, despite plaintiff providing defendants with a medical note stating that the dust at her workplace location is triggering her acid reflux.

39. The medical examination that plaintiff was directed to undergo was not job-related and was not consistent with business necessities

40. Plaintiff requested a postponement of the medical examination on the grounds that (a) there had been no prior, interactive dialogue regarding her request for an accommodation, and (b) her request to have her private attorney present during the examination as an observer had been denied.

41. Plaintiff was willing to attend the scheduled medical examination under the proper circumstances; however, she adjourned the medical examination until an interactive dialogue was established.

42. Other than to harass and to discriminate against plaintiff, there was no reasonable basis or business necessity for defendants to insist on having plaintiff to undergo a medical examination when she had already provided defendants with medical notes showing that she is suffering from the disability of acid reflux.

43. Plaintiff's request for a reasonable accommodation was again denied because she did not attend the wholly inappropriate and harassing, scheduled medical examination.

**FIRST CLAIM FOR RELIEF**
**(Federal Claim: Discrimination Based Upon Disability in Violation of the Americans With Disabilities Act (ADA) -Against NYC and NYPD)**

44. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set

forth herein.

45. Defendants NYC and NYPD violated ADA, 42 U.S.C. § 12122 *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which plaintiff's disability was the motivating, if not the only, factor, such practices include but are not limited to denial of a reasonable accommodation.

46. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

47. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**SECOND CLAIM FOR RELIEF**
**(New York State Claim: Discrimination on the Basis of Disability**
**in Violation of the New York State Executive Law § 296, *et seq.* – Against all defendants)**

48. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set forth herein.

49. Defendants NYC, NYPD and Scibelli violated the Executive Law §296, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which plaintiff's disability was the motivating, if not the only, factor, such practices include but are not limited to denial of a reasonable accommodation.

50. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

### THIRD CLAIM FOR RELIEF
(New York City Claim: Discrimination on the Basis of Disability
in Violation of the New York City Administrative Code § 8-107, *et seq.* –
Against the NYPD and Scibelli)

51. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set forth herein.

52. Defendants NYPD and Scibelli violated the Administrative Code §8-107, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which plaintiff's disability was the motivating, if not the only, factor, such practices include but are not limited to denial of a reasonable accommodation.

53. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

### FOURTH CLAIM FOR RELIEF
(Federal Claim: Hostile Work Environment Based on Plaintiff's Disability
in violation of the ADA-Against NYC and NYPD)

54. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set forth herein.

55. Defendants NYC and NYPD created a hostile work environment for plaintiff, because of her disability, when defendants created an objectively abusive work environment, which altered the conditions of plaintiff's employment in violation of the ADA.

56. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

### FIFTH CLAIM FOR RELIEF

(New York State Claim: Hostile Work Environment in Violation of the New York State Executive Law § 296, *et seq.* – Against all defendants)

57. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set forth herein.

58. Defendants NYC, NYPD and Scibelli created a hostile work environment for plaintiff, because of her disability, when defendants created an objectively abusive work environment, which altered the conditions of plaintiff's employment in violation of New York State Human Rights Law; Executive Law §296(1)(a).

59. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

## SIXTH CLAIM FOR RELIEF
(New York City Claim: Hostile Work Environment in Violation of the New York City Administrative Code § 8-107, *et seq.* – Against the NYPD and Scibelli)

60. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set forth herein.

61. Defendants NYPD and Scibelli created a hostile work environment for plaintiff, because of her disability, when defendants created an objectively abusive work environment, which altered the conditions of plaintiff's employment in violation of New York City Administrative Code §8-107(1)(a).

62. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

## SEVENTH CLAIM FOR RELIEF
(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(4) – Against NYC and NYPD)

63. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set forth herein.

64. The ADA prohibits medical examinations and inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity. See 42 U.S.C. § 12112(d)(4).

65. Here, plaintiff was directed to report to a medical examination on March 13, 2012, despite plaintiff providing defendants with a medical note stating that the dust at her workplace location is triggering her acid reflux.

66. The medical examination that plaintiff was directed to undergo was not job-related and was not consistent with business necessities.

67. When defendants directed plaintiff to undergo the medical examination and inquiries regarding her disability, they violated 42 U.S.C. § 12112(d)(4)(A).

68. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

### EIGHTH CLAIM FOR RELIEF
(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) –
Against NYC and NYPD)

69. Plaintiff repeats, reiterates and realleges all prior allegations as though fully set forth herein.

70. The ADA prohibits discrimination on the basis of disability, among other things, "in regard to . . . other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

71. Discrimination under the ADA includes "not making reasonable accommodations

to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

72. When the defendants refused to provide a reasonable accommodation in response to plaintiff's requests, they violated 42 U.S.C. § 12112(a).

73. The reasonable accommodation requested by plaintiff does not impose an undue hardship on defendants.

74. As a result of the foregoing, plaintiff has incurred substantial damages measured by loss of income due to limited ability to work overtime, the physical and mental anguish, pain and suffering, emotional distress and loss of enjoyment of life.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that that Court grant the following relief:

a) On the First Claim for Relief, judgment against defendants NYC and NYPD in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in an exact amount to be determined at trial;

b) On the Second Claim for Relief, judgment against all defendants in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in an exact amount to be determined at trial;

c) On the Third Claim for Relief, judgment against defendants NYPD and Scibelli in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in exact amount to be determined at trial;

d) On the Fourth Claim for Relief, judgment against defendants NYC and NYPD in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in an exact amount to be determined at trial;

e) On the Fifth Claim for Relief, judgment against all defendants in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in an exact amount to be determined at trial;

f) On the Sixth Claim for Relief, judgment against defendants NYPD and Scibelli in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in exact amount to be determined at trial;

g) On the Seventh Claim for Relief, judgment against defendants NYC and NYPD in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in an exact amount to be determined at trial;

h) On the Eighth Claim for Relief, judgment against defendants NYC and NYPD in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, in an exact amount to be determined at trial;

i) Enjoin defendants from engaging in any act or practice that discriminates against plaintiff on the basis of disability in violation of 42 U.S.C. § 12122 *et seq.*, 42 U.S.C. § 12111, *et seq.*, the Executive Law and the Administrative Code.

j) Enjoin NYC and the NYPD to provide training on 42 U.S.C. § 12122 *et seq.*, 42 U.S.C. § 12111, *et seq.*, the Executive Law and the Administrative Code, including the duty to make reasonable accommodations, to all current and future NYC and NYPD supervisory employees;

k) To provide plaintiff with the reasonable accommodation of relocating her to the floor below her current work location where the environment does not trigger her disability;

l) Award injunctive relief to plaintiff as would fully compensate her for injuries caused by the defendants' discriminatory conduct; and

m) For costs, disbursements and such other and further relief as this Court deems proper.

Dated: New York, New York
August 28, 2013

                              BALLON STOLL BADER & NADLER, P.C.

By: _____
     Marshall B. Bellovin
     *Attorneys for Plaintiff*
     729 Seventh Avenue, 17th Floor
     New York, NY 10019