# Exhibit 1

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2012-02541 |

New York State Division Of Human Rights                                                     and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sara Berger | (718) 382-5452 | |

Street Address: 1350 Ocean Parkway, Brooklyn, NY 11230

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NYC POLICE DEPARTMENT | 500 or More | (212) 577-8477 |

Street Address: One Police Plaza, Room 1406, New York, NY 10010

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest: 01-18-2012
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

**See Attached Documents**

RECEIVED
JUL 3 1 2012
EEOC-NYDO-CRTIU

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 7/30/12
Charging Party Signature: Sara Berger

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
Sara Berger

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

OMAR S. BRUNSON
Notary Public, State of New York
No. 01BR6213086
Qualified in Queens County
Commission Expires November 2, 20.15

I am a full-time civilian employee of the NYC Police Department; and my job title is Computer Specialist Level III. In early November 2011, I requested a reasonable accommodation for my medical disability: acid reflux. I requested that my work area be relocated to an office on the floor below, part of the same department that I work in. I submitted a doctor's note explaining that the excessive dust in my current office location triggered my acid reflux. Consequently, I had to take medication. With such an accommodation I would be able to perform my job without the current level of pain and suffering (i.e., because of the high level of dust in my office I have virtually continuous upper respiratory symptoms, sometimes painful).

Director Wayne Scibelli and Network Administrator Andrew Krimsky told me that I had to file a complaint with the NYPD EEO. Once I did that I would be transferred to another unit. I requested that I be allowed to keep the same job description, and still report to my current supervisors. They refused to allow me to do this, but said they would follow EEO's determination.

EEO refused to have an open dialogue with me. They rejected my numerous requests for a meeting to discuss the situation. Their determination, subsequently finalized, was to purchase a "spot" air purifier. However, the manufacturers' specifications of the proposed purifiers revealed a limited filtration capacity that simply would not do the job. I conveyed this information to the EEO, but they apparently disregarded it, and ultimately deined my request to relocate. Significantly, my employer refused to have a genuine interactive dialogue with me regarding my request for a reasonable accommodation.

On Friday afternoon, March 9, 2012, Mr. Scibelli, the Director of the Division that includes my unit, gave me a letter from EEO directing me to report to the Medical Division on Tuesday March 13, 2012, for a medical examination. I requested a postponement on the grounds that (a) there had been no prior, interactive dialogue regarding my request for an accommodation; and (b) my request to have my private attorney present during the examination as an observer had been denied. I did not attend the scheduled medical examination because no interactive dialogue had occurred, and there was no reasonable basis for the medical examination at this time (which I consider a form of harassment).

My request for a reasonable accommodation was denied because I did not attend the wholly inappropriate and harassing, scheduled medical examination. It should be noted that my employer did not question the fact that I had a medical disability because they had offered me the air purifiers without requesting that I undergo a medical examination. Previously, on February 9, 2012, my employer had turned down my request that I be relocated on the office floor below. Thus my request for an accommodation has been unreasonably denied and I am submitting this complaint to rectify and remediate such denial.