USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SARA BERGER,   :
:
Plaintiff,   :
:  13-CV-6084 (VSB)
- against -   :
:  **ORDER**
:
NEW YORK CITY POLICE DEPARTMENT, :
THE CITY OF NEW YORK, and WAYNE   :
SCIBELLI,   :
:
Defendants.   :
:
-----------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

In light of the parties' submissions in connection with Defendants' motion in limine, it is hereby:

ORDERED that the parties should be prepared to discuss at the Final Pretrial Conference the proposed testimony of Evan Feliciano, including whether or not Plaintiff intends to elicit testimony on the six topics mentioned in Defendants' memorandum of law, and if so, the relevance and admissibility of testimony on these topics. Specifically, the topics include: "(1) Feliciano's impression of Plaintiff as a coworker; (2) Feliciano's knowledge of complaints about the conditions of room 804A (where he and Plaintiff worked); (3) Feliciano's own complaints regarding the conditions of room 804A; (4) Feliciano's knowledge of plaintiff's request for an accommodation; and (5) his understanding of Wayne Scibelli and Andrew Krimsky's responses to plaintiff's accommodation; and (6) Feliciano's knowledge of Scibelli's employment with NYPD." (Doc. 122, at 3.); and

IT IS FURTHER ORDERED that the parties be prepared to discuss the following issues/questions with regard to Dr. Kenneth Weinberg:

1. Did Dr. Weinberg examine Plaintiff either prior to or after the preparation of his report?
2. Has Dr. Weinberg ever met Plaintiff?
3. Are there peer-reviewed studies documenting a causal relationship between exposure to dust and Acid Reflux?
4. Did Dr. Weinberg attempt to rule out alternative causes of Plaintiff's sensitivity?
5. Did Dr. Weinberg conduct the walkthrough of room 804A in or about May 2016?
6. Did Dr. Weinberg conduct the air quality assessment of room 804A in or about May 2016?
7. What is the basis for the opinion that "[h]ad [Plaintiff] been relocated to a different location with less dust in the environment, it is quite conceivable that the effect of the dust and dirt would not have increased her level of Acid Reflux at anytime."?
8. What is the basis for Dr. Weinberg's statement that samples taken a week after the walk through "did not demonstrate excessive levels of either type of dust, primarily because of the previous cleanup that had occurred, and even though significant time had passed, the NYPD became more aware of the dust hazard presented by this space."?
    a. Did Dr. Weinberg review any documents or materials that discussed the cleanup?
    b. What information did Dr. Weinberg review related to the cleanup?
    c. Why is this statement the proper subject for expert testimony as opposed to argument?

9. What is the basis for the statements contained in the last paragraph of page four?

    a. Did Dr. Weingberg conduct any testing or analysis of room 804A with the air conditioning on or with the air conditioning off?

    b. What changes in room 804A is Dr. Weinberg referring to in the last paragraph of page four?

    c. Is Dr. Weinberg aware of any testing, data or documents that the air quality in room 804A ever exceeded "the requisite dust levels"?

10. With regard to references 1 and 2:

    a. Were the documents referenced in 1 and 2 based upon data and analysis reviewed by Dr. Weinberg or did he just read the articles?

    b. Did Dr. Weinberg review the underlying studies referenced in 1 and 2?

    c. Were the references peer reviewed documents or otherwise vetted?

11. Has Plaintiff filed any claims related to the 9/11 terrorist attack?

12. Does Plaintiff still work in room 804A, and if she does not, when did she stop working in room 804A?

SO ORDERED.

Dated: November 21, 2019
      New York, New York

Vernon S. Broderick
United States District Judge